NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0142n.06
Filed: February 24, 2006

No. 04-2078

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAMIE FOX, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| MICHIGAN STATE POLICE | ) | STATES DISTRICT COURT FOR |
| DEPARTMENT, et al., | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

Before: BOGGS, Chief Judge; GIBBONS, Circuit Judge; and ROSE, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge**. Plaintiff-appellant Jamie Fox brought suit under 42 U.S.C. §§ 1983 and 1985, alleging that his Fourth Amendment rights were violated when Michigan State Police officers searched and arrested Fox and searched his vehicle. Fox also brought selective prosecution and several state law claims. The United States District Court for the Western District of Michigan dismissed each of Fox's claims and, alternatively, granted summary judgment to the defendant police officers with regard to his § 1983 claim. For the following reasons, we affirm the district court's decision.

I.

---

[*] The Honorable Thomas M. Rose, United States District Court for the Southern District of Ohio, sitting by designation.

1

On July 3, 2001, Michigan State Police officers went to Fox's home, in response to an alleged violation of a Michigan state court personal protection order. Lynn Fox, the appellant's wife, had obtained the personal protection order against Fox in favor of herself and her children following an alleged incident of domestic assault. Upon arrival at the Fox home, officers Nate McGuire and Mark Hagerman found Jamie Fox outside the home. McGuire and Hagerman noticed that Fox was carrying a knife on his side. They searched Fox and his vehicle and arrested Fox. Fox was charged with one count each of domestic violence, absconding, possession of a mechanical contrivance (switchblade), possession of an unregistered firearm, and carrying a concealed weapon. Fox reached a plea agreement with the prosecutor in which he agreed to plead guilty to domestic violence and possession of a mechanical contrivance (switchblade) in exchange for the dismissal of all other charges. Fox entered his guilty plea on August 22, 2001.

Fox filed a complaint on July 2, 2003, against the Michigan State Police and three John and Jane Doe defendants, asserting claims under 42 U.S.C. §§ 1983, 1985, and 1988 based on alleged violations of the Fourth Amendment, as well as a selective prosecution claim and several state law claims. Fox later filed an amended complaint that named the Michigan State Police and officers Ruth McGehee, Nate McGuire, and Mark Hagerman as defendants. The Michigan State Police moved to dismiss the claims asserted against it, and the district court granted its motion on February 18, 2004.

Defendants McGehee, McGuire, and Hagerman then moved to dismiss the claims asserted against them or, alternatively, for summary judgment ("defendants' dispositive motion"). Officers McGehee, McGuire, and Hagerman attached as exhibits to their motion uncertified copies of court records and the police reports. Fox moved to strike these exhibits under Fed. R. Civ. P. 12(f) when

he responded to defendants' dispositive motion. Fox attached a personal affidavit to his response. The defendants filed an answer to Fox's motion to strike, claiming that the exhibits were properly authenticated under Fed. R. Evid. 901(b)(7) and that Fox's own admissions in his response and accompanying affidavit demonstrated the documents' authenticity.

On August 3, 2004, the district court ruled on each of these motions. The district court denied Fox's motion to strike on the basis that defendants' exhibits were not pleadings within the meaning of Fed. R. Civ. P. 12(f) and, therefore, could not be the subject of a motion to strike. Although the motion to strike was denied, the district court stated that it would not consider defendants' unauthenticated exhibits in reaching its decision, because to do so over plaintiff's objection would be error. Turning to the defendants' motion to dismiss, the district court held that Fox's amended complaint failed to state a claim against McGehee because it merely named McGehee in the caption but did not assert any facts supporting a cause of action against her. With regard to defendants McGuire and Hagerman, the district court dismissed Fox's § 1983 and § 1985 claims because Fox failed to allege facts that would established a violation of Fox's Fourth Amendment rights. The district court dismissed Fox's § 1988 claim because § 1988 does not create an independent cause of action. Fox's selective prosecution claim was dismissed for his failure to allege specific facts. The district court also dismissed Fox's state law claims because they were barred by Michigan's statute of limitations. Finally, the district court considered the defendants' motion for summary judgment and granted it. Fox filed a timely notice of appeal.

## II.

On appeal, Fox challenges the denial of his motion to strike and the disposition of his §§ 1983 and 1985 claims asserted against defendants McGuire and Hagerman. Fox does not

challenge the dismissal of those claims asserted against defendants Michigan State Police and McGehee, the dismissal of his state law claims as barred by the statute of limitations, or the dismissal of his selective prosecution claim.

Fox first challenges the denial of his motion to strike. We review a decision to grant or deny a motion to strike for an abuse of discretion. *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 480 (6th Cir. 2003). The district court correctly decided not to strike the exhibits attached to defendants' dispositive motion. Under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings. Fed. R. Civ. P. 7(a) defines pleadings as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." Exhibits attached to a dispositive motion are not "pleadings" within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f).

The district court did not to rely on the documents, however, when deciding defendants' dispositive motion. This decision was appropriate because the court records and police reports, which were neither sworn nor certified, were not properly authenticated and were therefore inadmissible in evidence. As a result, the documents failed to meet the requirements of Fed. R. Civ. P. 56(e). This decision took into account Fox's *pro se* status and the fact that he alluded to Rule 56(e) in his motion. In essence, the district court gave Fox the benefit of his "motion to strike" by specifically declining to consider these materials under Rule 56(e). Fox nevertheless argues on appeal that it was error for the district court to leave the unauthenticated documents in the record prior to the district court's ruling on defendants' dispositive motion. Fox cites no case in support

4

of this proposition. The Federal Rules of Civil Procedure do not require the district court to remove documents other than pleadings from the record in a case. The district court appropriately dealt with the documents on grounds of admissibility and resolved the issue correctly.

We turn next to the district court's grant of the defendants' motion to dismiss Fox's claims that were based on §§ 1983 and 1985. The district court concluded that Fox's "bare allegation of the legal conclusion that he was arrested without probable cause" does not suffice to support a viable Fourth Amendment claim.

This court reviews a district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) *de novo*. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). A complaint may be dismissed pursuant to Rule 12(b)(6) only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003); *Ludwig v. Bd. of Trustees of Ferris St. Univ.*, 123 F.3d 404, 408 (6th Cir. 1997). Although a complaint need only provide "'fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), the district court does not need to accept as true "legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (internal quotation marks and citations omitted) (emphasis and alterations in original). While complaints of *pro se* litigants are held to a less stringent standard than licensed attorneys, this leniency does not abrogate those basic pleading

5

requirements that ensure that the court does "not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

To state a claim under § 1983, a plaintiff must allege that he was deprived by a person acting under the color of state law of a right secured by the Constitution or a federal statute. *Barrett v. Steubenville City Schools*, 388 F.3d 967, 971 (6th Cir. 2004). Excluding legal conclusions, the following factual allegations can be culled from Fox's amended complaint: Fox was outside his home in Hillsdale County; Fox was there to see his children; a personal protection order was in effect, but Fox was outside of the restricted area; Michigan State Police officers McGuire and Hagerman responded to an allegation that there had been a violation of the personal protection order; the officers arrived and searched Fox and his vehicle and arrested Fox. Fox's complaint makes clear that his claim is based upon a violation of the Fourth Amendment. We do not find anything in Fox's complaint that disposes of his claim that he was at all times acting in accordance with the law but was nevertheless unreasonably searched and arrested by the defendants. In short, it is not clear beyond doubt that Fox, a *pro se* litigant, could not prove a Fourth Amendment violation in accordance with the allegations in his complaint. Accordingly, Fox's complaint did not fail to state a claim under § 1983.

We agree with the district court's decision, however, to dismiss those claims asserted under § 1985. Fox has never articulated under which provision of § 1985 he purses relief, but his complaint fails to state a claim under any of its provisions. Section 1985(1), which prohibits conspiracies to interfere with federal officers in the performance of their duties, and the first clause of § 1985(2), which prohibits conspiracies to influence parties, witness, or jurors in federal court proceedings, are not applicable to this case. Under both the second clause of § 1985(2), which

6

prohibits conspiracies to interfere with due process in state courts with the intent to deprive persons of their equal protection rights, and § 1985(3), which prohibits conspiracies to deprive persons of their equal protection rights, a plaintiff must allege that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Kush v. Rutledge*, 460 U.S. 719, 726 (1983); *see also Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996). Fox's complaint does not state a claim under § 1985 because there are no allegations, conclusory or otherwise, of either a conspiracy or any class-based motivation with regard to defendants' actions. *See Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004) ("Claims of [civil] conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim.").

Having concluded that Fox's complaint stated a claim only under § 1983 and only with regard to defendants McGuire and Hagerman, we turn to the award of summary judgment for those defendants. Although the district court refused to consider the exhibits attached to defendants' dispositive motion, it nevertheless awarded summary judgment to defendants McGuire and Hagerman based on its conclusion that the affidavits that Fox filed in response to defendants' dispositive motion made it clear that there were no genuine issues of material fact and that defendants were entitled to judgment as a matter of law. Specifically, Fox admits in his affidavits that the defendants, during their investigation of the incident, observed a knife belted to Fox's right side. Fox's affidavits also make clear that, as a result of the incident, Fox was charged with and pled guilty to possession of a switchblade and domestic violence.

This court reviews a district court's decision to grant summary judgment *de novo*. *See Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.*, 96 F.3d 174, 178 (6th Cir. 1996). Summary judgment

7

is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). We view the facts and any inferences reasonably drawn from them in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Fox's affidavit establishes that officers McGuire and Hagerman could see the knife on Fox's belt. "It has been long settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure . . . ." *Harris v. United States*, 390 U.S. 234, 236 (1968). Because the officers could see the illegal switchblade in plain view, they had probable cause to search and arrest Fox. With regard to Fox's claim that his vehicle was unlawfully searched, we agree with the district court that any search of Fox's vehicle was reasonable. Taking all evidence in the light most favorable to Fox, the vehicle search was either a search incident to a lawful arrest, *see New York v. Belton*, 453 U.S. 454, 460 (1981), or a necessary protective search in light of the officers' discovery that Fox possessed a switchblade, *see Michigan v. Long*, 463 U.S. 1032, 1049-50 (1983). We therefore conclude that, based on the evidence in Fox's affidavit, the district court's decision to grant summary judgment was correct.

In addition, Fox's claim that he was unlawfully searched was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Despite the district court's reliance on *Heck*, Fox does not mention *Heck* in his appellate briefs. Any argument that the district court incorrectly relied on *Heck* is therefore abandoned. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004); *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998). Even if we reviewed the district court's ruling based on *Heck*, however, we would conclude that *Heck* bars Fox's claim that he was unlawfully searched. In *Heck*, the Supreme

Court held that "in order to recover damages for allegedly unconstitutional . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed . . . ." *Heck*, 512 U.S. at 486-87. In this case, a finding in favor of Fox on his claim that defendants unlawfully searched his person would "necessarily imply the invalidity of his conviction" for possession of a switchblade. *Heck*, 512 U.S. at 487. The search of Fox yielded the switchblade, which became the subject of a criminal charge of which Fox was convicted. *Cf. Brindley v. Best*, 192 F.3d 525, 530-31 (6th Cir. 1999) (finding that items that a § 1983 plaintiff claimed were unlawfully seized "were never the subject of criminal charges" filed against plaintiff and therefore the "alleged unlawful seizures . . . would not invalidate the plaintiffs' convictions."); *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) ("The language of *Heck* plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit."). Fox may not maintain a claim, therefore, based on the search of his person until his conviction for possession of a switchblade has been invalidated.

Fox is estopped, moreover, from arguing that his arrest was made without probable cause because he pled guilty to the resulting offenses. *See Walker v. Schaeffer*, 854 F.2d 138, 142-43 (6th Cir. 1999) (holding that the defendants' guilty pleas bar them from later alleging that police lacked probable cause to detain them); *Hemphill v. Haglund*, 45 F. App'x 519, 520 (6th Cir. 2002) (holding that a defendant's guilty plea to a charge that results from a search bars the defendant from later alleging that police lacked probable cause to conduct the search). In general, a state court judgment is given the same preclusive effect that it receives under the law of the state in which it was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In Michigan, it is

9

"well established that a conviction, unless procured by fraud or unfair means, is conclusive evidence of probable cause." *Blase v. Appicelli*, 489 N.W.2d 129, 131 (Mich. Ct. App. 1992) (citing *Moore v. Michigan Nat'l Bank*, 117 N.W.2d 105, 106 (Mich. 1962); *Piechowiak v. Bissell*, 9 N.W.2d 685, 689 (Mich. 1943)). We must therefore acknowledge that defendants McGuire and Hagerman had probable cause to search and arrest Fox for possession of a switchblade and domestic violence. Any claim based on his arrest is therefore barred by estoppel. As with the *Heck* ruling, Fox offers no argument that the district court incorrectly barred his claims based on estoppel.

### III.

The district court's decision to dismiss or grant summary judgment on all of the claims in Fox's amended complaint is affirmed.